IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLEY A. WRIGHT, On Behalf of
Herself and All Others Similarly
Situated, and On Behalf of the
General Public,                                    Civil No. 06-6212-AA
                                                   OPINION AND ORDER

        Plaintiff,

    vs.

KIA MOTORS AMERICA INC., and
DOES 1-100, inclusive,

        Defendants.
_____

Jeffrey Mutnick
Jennifer Gates
Landye Bennett Blumstein
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
    Attorneys for plaintiff

Stuart Brown
Christopher Hawk
Gordon & Rees LLP
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
    Attorneys for defendant Kia Motors America Inc.

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Defendant Kia Motors America Inc. (defendant) moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's claims in their entirety. Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Kimberley Wright brings this class action on behalf of herself and all Oregon residents who own Kia's 2001 Sephia and 2001-02 Spectra model automobiles. Plaintiff bought a used 2002 Kia Sephia in July 2005 from a dealership in Eugene, Oregon, known as Kiefer's Kia-Mazda (now known as Kiefer Kia). Complaint, ¶ 10. Plaintiff alleges that defendant Kia manufactured the Sephia and Spectra automobiles and used a supplier who provided a materially shorter seatbelt and/or buckle stalk. Complaint, ¶ 31. These short seatbelts and/or buckle stalks caused the switchable locking and retraction system ("SLR") to activate either during the attempt to buckle the seatbelt initially, or assuming the seatbelt could be buckled in the first place, once the passenger moves normally. The passenger then becomes locked against the seat due to the activation of the SLR's ratchet-like locking mechanism. Id. Plaintiff alleges that passengers are then faced with the choice of either unbuckling their seatbelts for temporary adjustment or not using the seatbelts at all. Id.

Page 2 - OPINION AND ORDER

Plaintiff alleges that despite Kia's specific knowledge of the seatbelt defect, it has refused to disclose that material fact to the class. Id. at ¶ 33. Plaintiff states that Kia actively concealed the defect when it took the original part number for the rear seatbelts off its computerized listing of replacement parts, substituting instead another part number. Id. at ¶ 37. That new part number lists a substantially longer belt than was originally installed on the vehicles. Id. Plaintiff alleges that Kia also altered the length of the seatbelt or buckle stalk in the 2003 model Kia Spectra.

Finally, Plaintiff notes that a class action is pending against Kia in California's Orange County Superior Court. See Alexander v. Kia, Case No. 04CC00612.[1] That action was been certified for all affected California residents. Plaintiff states that the action at bar represents the first effort by residents outside of California to obtain redress for Kia's alleged misconduct.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470

---

[1] The plaintiff in the California action bought a new, rather than used, Kia automobile.

Page 3 - OPINION AND ORDER

U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff opposes defendant's motion to dismiss as to her claims based upon the Oregon Unlawful Trade Practices Act (UTPA), unjust enrichment, and negligent representation. Plaintiff, however, concedes that her first claim for relief for breach of warranty should be dismissed and acknowledges that she is not requesting a court-ordered recall.

(1) Unlawful Trade Practices Act Claim

Defendant argues that plaintiff's second claim for relief under the UTPA fails to state a claim because plaintiff does not allege that defendant was either involved in plaintiff's purchase of a used vehicle, or made representations regarding the vehicle at or near the time of her purchase.

Generally, the policy of the UTPA "is to discourage deceptive trade practices and to provide a viable remedy for consumers who are damaged by such conduct." Raudebaugh v. Action Pest Control, Inc., 59 Or.App. 166, 171, 650 P.2d 1006 (1982). "If there is ascertainable loss to a consumer, that consumer has a cause of action for general and punitive damages. Id. "[T]he consumer may recover by alleging and proving that there was a

wilful violation of the provisions of the act and ascertainable damages as a result of the violation." Id. To state a claim under Or. Rev. Stat. § 646.638(1), a plaintiff must show: (1) a violation of ORS 646.608(1); (2) causation ('as a result of'); and (3) damage ('ascertainable loss'). Feitler v. Animation Celection, Inc., 170 Or.App. 702, 708, 13 P.3d 1044 (2000).

Courts interpreting the UTPA have uniformly recognized that it is first and foremost a consumer protection statute. The "UTPA is to be construed consistently with its consumer protective purposes." Cullen v. Investment Strategies, Inc. 139 Or.App. 119, 911 P.2d 936, rev. denied, 323 Or. 265, 918 P.2d 846 (1996); Hinds v. Paul's auto Werkstatt, Inc., 107 Or.App. 63, 65, 810 P.2d 874, rev. denied, 311 Or. 643, 815 P.2d 1273 (1991)(UTPA intended to provide "broad remedial consumer protection").

Plaintiff argues that she meets the three elements necessary to state a claim under the Oregon UTPA by alleging: (1) defendant's acts, omissions, misrepresentations, policies, practices and non-disclosures violated and continue to violate at least the following UTPA provisions: Or. Rev. Stat. §§ 646.608(e), 646.608(g), 646.608(I), 646.608(t), and 646.607(l); (2) plaintiff was injured "as a result" of defendant's acts, omissions, misrepresentations, policies and non-disclosures; and (3) plaintiff suffered an "ascertainable loss" of the true value of her car.

Page 5 - OPINION AND ORDER

Plaintiff asserts that "ascertainable loss" "under the UTPA is amorphous. Any loss will satisfy that requirement so long as it is 'capable of being discovered, observed, or established.'" Feitler, 170 Or.App. at 712 (quoting Scott v. Western Int. Surplus Sales, Inc., 267 Or. 512, 515, 517 P.2d 661 (1973)).

Defendant argues that plaintiff's claim fails because in order to be actionable, the unlawful practices must arise out of a transaction directly engaged in by the defendant, and that transaction must be connected with the defendant's ordinary business. The Oregon Supreme Court has held that the Oregon UTPA "should be applied only to those unlawful practices which arise out of transactions which are at least indirectly connected with the ordinary and ususal course of defendant's business, vocation or occupation." Wolverton v. Stanwood, 278 Or. 341, 345, 563 P.2d 1203 (1977).

I disagree that Wolverton prevents plaintiff here from bringing a claim under the UTPA. Certainly, plaintiff's assertion at this stage of the case that defendant's unlawful practices arose from its manufacture and sale of the car at issue, is a transaction which is directly related to defendant's ordinary and usual business of manufacturing and selling such cars. In Raudebaugh, the defendant home inspection company was not directly engaged in a transaction with the plaintiff home purchasers and, in fact, did not even know the home was for sale.

The court rejected defendant's argument that they could not be held liable under the UTPA because they did not make any misrepresentations directly to the plaintiff. In a second Wolverton opinion, the Oregon Supreme Court clarified: "The elements of common law fraud are distinct and separate from the elements of a cause of action under the Unlawful Trade Practices Act and a violation of the Act is much more easily shown." Wolverton v. Stanwood, 278 Or. 709, 713, 565 P.2d 755 (1977).

Plaintiff relies on the holding that "there is no requirement that the representations which constitute a wilful violation of the Act be made to the injured consumer." Raudebaugh, 59 Or. App. at 171. Defendant's argument that plaintiff's claim fails because defendant was not "contemporaneously" involved in plaintiff's car purchase, did not sell the car directly to plaintiff, and therefore did not make any representations directly to plaintiff is without merit. The courts focus on a defendant's alleged UTPA violation and whether it damaged the consumer. Raudebaugh went on to note that, "[h]ad the legislature intended that a consumer prove all the elements of common law fraud in order to recover damages, it would have been unnecessary to create a cause of action by statute." Id.

Finally, defendant asserts that plaintiff's claim must fail because "she has not alleged that she relied on any alleged misrepresentations made by [defendant] when buying her car in

Page 7 - OPINION AND ORDER

2005." Defendant's Brief, p. 11. Defendant relied on <u>Feitler's</u> rule that "[c]onsumers must prove reliance-in-fact in order to prevail" on a UTPA claim. <u>Feitler</u>, 170 Or.App. at 702. However, <u>Feitler</u> notes that reliance-in-fact is required when the alleged UTPA violations are based solely on affirmative misrepresentations. <u>Feitler</u> cites <u>Sanders v. Francis</u>, 277 Or. 593, 561 P.2d 1003 (1977), which held that reliance is not required to satisfy the causation element of the UTPA when the "representation takes the form of a 'failure to disclose' under subsection (2)' of O.R.S. 646.608." <u>Id.</u> Plaintiff argues that is the case here. Plaintiff alleges that defendant's unlawful practices included the failure to disclose "known material defects and material nonconformities." Complaint, ¶ 54(d). As the Supreme Court found in <u>Sanders</u>, "[e]specially when the representation takes the form of a 'failure to disclose' under subsection (2), as in this case, it would be artificial to require a pleading that plaintiff had 'relied' on that non-disclosure." <u>Id.</u> at 598. So that whether § 646.638(1) "requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged." <u>Id.</u>

Defendant's motion to dismiss plaintiff's second claim for relief pursuant to the Oregon UTPA is denied. Given the standards of Fed. R. Civ. P. 12(b)(6) and the record before this court, plaintiff has alleged facts sufficient to state a claim

under the UTPA.

(2) Unjust Enrichment

Defendant next asserts that plaintiff's third claim for relief for unjust enrichment fails to state a claim because plaintiff does not allege facts showing that defendant benefitted by her purchase of a used vehicle from a third-party dealership.

To state a claim for unjust enrichment, plaintiff must show, "a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. Edward D. Jones & Co. v. Mishler, 161 Or. App. 544, 569, 983 P.2d 1086 (1999).

Plaintiff alleges that she purchased her Kia Spectra from an authorized Kia dealership. Plaintiff alleges that her purchase of the Kia Spectra conferred a benefit on defendant Kia. Complaint, ¶¶ 62-66. Plaintiff argues that Kia's sale of a used vehicle, via an authorized dealership, inures to the benefit of the manufacturer, the defendant here. Plaintiff contends that such benefits can include compensation to the manufacturer, and fulfillment of contractual obligations by the dealership to defendant. Plaintiff's Memo in Opposition, p. 9.

I agree with the plaintiff that it is premature to dismiss plaintiff's claim for unjust enrichment at this stage in the proceedings. Plaintiff is entitled to conduct discovery on the

nature of the benefits, if any, provided to defendant via plaintiff's purchase. Defendant is granted leave to renew this motion after discovery, if appropriate.

(3) Negligent Misrepresentation

Finally, defendant argues that plaintiff's fourth claim for relief for negligent misrepresentation fails to state a claim because plaintiff fails to allege that defendant, a stranger to the transaction whereby she purchased a used vehicle, has a "special relationship" with her.

Plaintiff responds that Kia made misrepresentations to plaintiff and the class regarding the performance of Kia automobiles. Specifically, plaintiff argues, Kia neglected to disclose a safety-related defect. Plaintiff asserts that Kia "engages in mass marketing designed to build consumer trust in their products, including safety features." Plaintiff's Memo in Opposition, p. 10. Plaintiff relies on Conway v. Pacific University, 324 Or. 231, 924 P.2d 818 (1996), where the Court "distinguished between an adversary in a sales transaction, who does not owe a duty to avoid making a negligent representation, and one who holds out to the general public that he or she supplies information, who does owe such a duty." Id. at 243 (citing Onita Pacific Corp. v. Trustees of Bronson, 315 Or. 149, 843 P.2d 890 (1992)).

///

Page 10 - OPINION AND ORDER

I disagree and find no special relationship between Kia and plaintiff. Therefore, defendant's motion to dismiss plaintiff's claim for negligent misrepresentation is granted. Negligent misrepresentation is limited to those claims where one party in a relationship owes a duty "beyond the common law duty to exercise reasonable care to prevent foreseeable harm to other party." <u>Lewis-Williamson v. Grange Mut. Ins. Co.</u>, 179 Or.App. 491, 39 P.3d 947 (2002)(citing <u>Onita</u>, 315 Or. at 159). For this duty to arise, "the parties must be in a 'special relationship' in which the party sought to be held liable had some obligation to pursue the interests of the other party." <u>Bird v. Lewis and Clark College</u>, 104 F.Supp.2d 1271, 1278 (D. Or. 2000), <u>aff'd</u>, 303 F.3d 1015(<u>quoting</u> Conway, 324 Or. at 236-37).

Plaintiff asserts that because Kia allegedly failed to disclose a seatbelt system defect to plaintiff and the class, defendant stands in a special relationship to all class members who received that information and then purchased cars that were not safe and free from defect. I disagree, and find no obligation on the part of defendant Kia to pursue plaintiff's interests. Plaintiff essentially argues that based on Kia's mass marketing of new automobiles, Kia placed itself in a special relationship with a heightened duty of care to members of the general public who purchase a used automobile from someone other than Kia. I find no authority to support a claim for negligent

Page 11 - OPINION AND ORDER

misrepresentation against a seller or manufacturer engaging in a arm's length transaction with the purchaser of their products. "In Conway, the Supreme Court was careful to 'emphasize the distinction' between a plaintiff who relies on representations, as plaintiff does here, and one who is 'placed in a position in which he had a right to rely' on representations." Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or.App. 324, 334, 63 P.3d 592 (2003)(quoting Conway, 324 Or. at 242 n.5)(emphasis in original). I find no facts supporting plaintiff's "right to rely" on defendant's alleged omissions. Therefore, plaintiff's contention that the parties formed the requisite special relationship on which plaintiff can now base a claim for negligent misrepresentation fails.

## CONCLUSION

Defendant's motion to dismiss (doc. 11) is granted as to plaintiff's first claim for relief (breach of warranty), and fourth claim for relief (negligent misrepresentation). Defendant's motion is denied as to plaintiff's second claim for relief (Uniform Trade Practices Act), and denied with leave to renew as to plaintiff's third claim (unjust enrichment).

///

///

///

///

Page 12 - OPINION AND ORDER

Finally, defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 29 day of January 2007.

_____
Ann Aiken
United States District Judge