```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

KIMBERLEY A. WRIGHT, On Behalf of
Herself and All Others Similarly
Situated, and On Behalf of the
General Public,                              Civil No. 06-6212-AA
                                                OPINION AND ORDER

             Plaintiff,

      vs.

KIA MOTORS AMERICA INC., and
DOES 1-100, inclusive,

             Defendants.
_____

Jeffrey Mutnick
Jennifer Gates
Landye Bennett Blumstein
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
      Attorneys for plaintiff

Stuart Brown
Christopher Hawk
Gordon & Rees LLP
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
      Attorneys for defendant Kia Motors America Inc.


   Page 1 - OPINION AND ORDER
```

AIKEN, Judge:

Defendant Kia Motors America Inc. (defendant) moves pursuant to Fed. R. Civ. P. 56 to dismiss plaintiff's second claim for relief. On February 7, 2008, the court held telephone oral argument on this motion. Defendant's motion is denied.

## BACKGROUND

Plaintiff Kimberley Wright brought a class action on behalf of herself and all Oregon residents who own Kia's 2001 Sephia and 2001-02 Spectra model automobiles. Plaintiff bought a used 2002 Kia Sephia on June 25, 2005 from a dealership in Eugene, Oregon, known as Kiefer's Kia-Mazda (now known as Kiefer Kia). Complaint, ¶ 10. Plaintiff alleges that defendant Kia manufactured the Sephia and Spectra automobiles and used a supplier who provided a materially shorter seatbelt and/or buckle stalk. Complaint, ¶ 31. These short seatbelts and/or buckle stalks caused the switchable locking and retraction system ("SLR") to activate either during the attempt to buckle the seatbelt initially, or assuming the seatbelt could be buckled in the first place, once the passenger moves normally. The passenger then becomes locked against the seat due to the activation of the SLR's ratchet-like locking mechanism. Id. Plaintiff alleges that passengers are then faced with the choice of either unbuckling their seatbelts for temporary adjustment or not using the seatbelts at all. Id.

Plaintiff alleges that despite Kia's specific knowledge of the

seatbelt defect, it has refused to disclose that material fact to the class. Id. at ¶ 33. Plaintiff states that Kia actively concealed the defect when it took the original part number for the rear seatbelts off its computerized listing of replacement parts, substituting instead another part number. Id. at ¶ 37. That new part number lists a substantially longer belt than was originally installed on the vehicles. Id. Plaintiff alleges that Kia also altered the length of the seatbelt or buckle stalk in the 2003 model Kia Spectra.

Finally, plaintiff notes that a class action is pending against Kia in California's Orange County Superior Court. See Alexander v. Kia, Case No. 04CC00612.[1] That action was been certified for all affected California residents. Plaintiff states that the action at bar represents the first effort by residents outside of California to obtain redress for Kia's alleged misconduct.

Plaintiff filed her complaint on August 30, 2006, alleging four counts against defendants: breach of warranty, Unlawful Trade Practices Act (UTPA), unjust enrichment and negligent misrepresentation. This Court granted a partial motion to dismiss against plaintiff's first claim for relief (breach of warranty) and fourth claim for relief (negligent misrepresentation). Defendant now moves for partial summary judgment on plaintiff's second claim

---

[1] The plaintiff in the California action bought a new, rather than used, Kia automobile.

Page 3 - OPINION AND ORDER

for relief under the UTPA arguing that plaintiff's claim is barred by the statute of limitations.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying

Page 4 - OPINION AND ORDER

facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Plaintiff opposes defendant's motion for partial summary judgment on her claim under the UTPA arguing that her claim is timely.  "Actions brought under [the UTPA] shall be commenced within one year from the discovery of the unlawful method, act or practice."  Or. Rev. Stat. § 646.638(6).  "The period of limitation begins to run when the plaintiff knows or should have known of the alleged misrepresentation."  McCulloch v. Price Waterhouse LLP, 157 Or. App. 237, 247-48, 971 P.2d 414 (1998).  A two-step analysis determines whether the plaintiff should have known of the alleged misrepresentation: "First, it must appear that plaintiff had sufficient knowledge to 'excite attention and put a party upon his guard or call for an inquiry.' . . . [Second,] [i]f plaintiff had such knowledge, it must also appear that 'a reasonably diligent inquiry would disclose' the fraud."  Mathies v. Hoeck, 284 Or. 539, 543, 588 P.2d 1 (1978).

Plaintiff purchased the vehicle on June 25, 2005.  She then filed this action on August 30, 2006.  Defendant argues that plaintiff discovered the "unlawful method, act or practice" immediately because within a month of purchasing the vehicle, plaintiff found that the seatbelts were not functioning properly, so she contacted the dealership about the problem and then consulted an

Page 5 - OPINION AND ORDER

outside mechanic to inspect the seatbelts. Therefore, defendant argues that "[a]t the time Plaintiff discovered the alleged defect, *ipso facto* she discovered [defendant's] failure to disclose such defect and the resulting violation of the UTPA."  Def's. Memo, p. 4-5.  Since plaintiff filed her claim on August 30, 2006, defendant argues that at least 13 months passed from when plaintiff discovered the alleged "unlawful method, act or practice,"  and the date she brought her claim.

    For defendant to prevail on its motion, there must be no genuine issue of material fact as to when plaintiff discovered or in the exercise of reasonable care should have discovered the "unlawful method, act or practice."  Essentially, plaintiff must not only discover that a "harm" occurred, but that plaintiff knew there was a "legally cognizable harm."  Gaston v. Parsons, 318 Or. 247, 254, 864 P.2d 1319 (1994).

    There exists here a question of fact as to when plaintiff discovered the harm.  The "harm" alleged by plaintiff is defendant's failure to disclose the defect.  Defendant argues that this knowledge occurred within a month of plaintiff purchasing the vehicle when she conducted an investigation.  Plaintiff argues that although she contacted the dealership soon after purchase, her investigation began in August or September 2005, when she contacted the dealership and outside mechanic, or in February 2006, when she conducted internet research that revealed the possibility that the

Page 6 - OPINION AND ORDER

seatbelts were defective in certain models.

Pursuant to Rule 56, any reasonable doubt as to the existence of material fact is resolved against the moving party.  I find that questions of material fact exist surrounding plaintiff's date of investigation, and the date of plaintiff's actual contact with the dealership.  Whether plaintiff should have known about the fraud at a particular point in time is normally a question for the jury except where only one conclusion can reasonably be drawn from the evidence.  Mathies, 284 Or. at 543.  Here, a jury could reasonably conclude that plaintiff investigated the seatbelt defect around the time she contacted counsel regarding possible legal redress against the defendant.

Within the same deposition, plaintiff provides conflicting testimony as to the dates of certain events.  At several points in her deposition, plaintiff states that she contacted the dealership and outside mechanic within a month of purchasing the vehicle (Wright depo. at 18-20, 74, 103-04); however, in the same deposition, plaintiff states that she contacted the dealership regarding the seatbelt problem around August or September 2005 (Wright depo. 37).  Because the record contains conflicting testimony regarding the dates of plaintiff's actions, a question of fact exists as to when plaintiff discovered her harm.

Based on the standards of Fed. R. Civ. P. 56, and the record before this court, I find questions of material fact exist

prohibiting entry of summary judgment on this claim.

## CONCLUSION

Based on the foregoing, defendant's motion for partial summary judgment (doc. 38) is denied on plaintiff's second claim for relief under the UTPA.

IT IS SO ORDERED.

Dated this __26__ day of February 2008.


                                            /s/ Ann Aiken
                                              Ann Aiken
                             United States District Judge